[Cite as *State v. Degraffinreed*, 2012-Ohio-5166.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2012CA00087 |
| RAMONE K. DEGRAFFINREED | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:　　　Appeal from the Stark County Court of
　　　　　　　　　　　　　　　　　Common Pleas, Case No. 2011CR01867

JUDGMENT:　　　　　　　　　　　Affirmed

DATE OF JUDGMENT ENTRY:　　　November 5, 2012

APPEARANCES:

For Plaintiff-Appellee　　　　　　　For Defendant-Appellant

JOHN D. FERRERO　　　　　　　　MATTHEW A. PETIT
PROSECUTING ATTORNEY,　　　　116 Cleveland Ave. NW., Suite 808
STARK COUNTY, OHIO　　　　　　Canton, Ohio 44702

By: RENEE M. WATSON
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

*Hoffman, J.*

{¶1} Defendant-appellant Ramone K. Degraffinreed appeals his convictions and sentence entered by the Stark County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On December 6, 2011, around 6:45 p.m., Stephanie Weisel was crossing the street at Fourth Street and Cherry Avenue, Canton, Ohio. At the same time, a silver Audi vehicle sped down the road at approximately 45 to 50 miles per hour. The driver struck Weisel causing serious physical injury to her, and considerable damage to the hood and windshield of the Audi vehicle. The driver of the vehicle did not stop, instead leaving the scene of the accident.

{¶3} Scarlett Girtt, who witnessed the accident, called for help. Paramedics and Canton Police Officers responded to the scene. Witnesses at the scene provided the officers with the vehicles' license plate number and description. The address associated with the license plate was 201 Hartford Avenue SE, Canton, Ohio. Officers arrived at that address within twenty minutes of the call.

{¶4} Upon arrival at the residence, the officers found a silver Audi parked in the driveway, with the hood of the car still warm. The windshield of the car was crushed, and there appeared to be hair and other organic matter stuck on the broken glass.

{¶5} The owner of the vehicle, Alfonso Currie, came to the door. He indicated he did not drive the car that day, but his nephew, Appellant, had driven the vehicle. Currie further indicated Appellant had recently come home with the car. Currie gave the officers permission to enter the home and search for Appellant.

{¶6} The officers then found Appellant in the back bedroom, lying on the bed, fully clothed and passed out. Appellant was placed under arrest. As he was not cooperative, the officers forcibly placed him in cuffs. Testimony at trial indicates Appellant reeked of alcohol, was groggy and unsteady on his feet, and had slurred speech. He was incoherent, and was placed in the back of the cruiser.

{¶7} Officer Eric Brown, a crash reconstruction expert, testified, based on the debris left on the road and the condition of the scene of the accident, the vehicle involved in the accident was a European car. He further testified he observed Appellant intoxicated, smelling of alcohol, noticing glassy and bloodshot eyes, and slow, slurred speech. Appellant admitted to Officer Brown he had been "getting drunk all day", and had been driving down East Tuscarawas Street just minutes prior to the accident. Appellant told Officer Brown he had only been at his uncle's house for about ten minutes before the officers arrived. Brown later determined Weisel was a step or two from the curb when Appellant hit her, traveling anywhere from 31 to 60 miles per hour.

{¶8} On January 17, 2012, Appellant was indicted on one count of aggravated vehicular assault, in violation of R.C. 2903.08, a felony of the second degree; one count of vehicular assault, in violation of R.C. 2903.08, a felony of the third degree; one count of failure to stop after an accident, in violation of R.C. 4549.02, a felony of the fifth degree; one count of operating a vehicle impaired, in violation of R.C. 4511.19, a misdemeanor of the first degree; and one count of driving under suspension, in violation of R.C. 4510.14, a misdemeanor of the first degree.

{¶9} On March 12, 2012, Appellant entered a plea to driving under suspension. Following a jury trial, Appellant was convicted of the remaining charges, except the jury

returned a verdict on the failure to stop after an accident as a misdemeanor of the first degree. The State dismissed the charge of vehicular assault.

{¶10} The trial court sentenced Appellant to a term in prison of eight years for the aggravated vehicular assault charge, and six months for each of the remaining convictions, the terms to be served concurrently. The trial court additionally imposed thirty-four points on Appellant's driver's license, and suspended his license for a term of twenty years.

{¶11} Appellant now appeals, assigning as error:

{¶12} "I. THE DEFENDANT'S CONVICTIONS FOR ONE COUNT OF AGGRAVATED VEHICULAR ASSAULT, ONE COUNT OF FAILURE TO STOP AFTER ACCIDENT, ONE COUNT OF OVI, AND ONE COUNT OF DRIVING UNDER OVI SUSPENSION WERE AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I.

{¶13} In the sole assignment of error, Appellant maintains his convictions are against the manifest weight and sufficiency of the evidence.

{¶14} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the

evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175. We note "circumstantial evidence may be more certain, satisfying and persuasive than direct evidence." *State v. Richey,* 64 Ohio St.3d 353, 1992–Ohio–44. It is to be given the same weight and deference as direct evidence. *Jenks,* supra.

{¶15} Specifically, Appellant asserts his conviction for aggravated vehicular assault, in violation of R.C. 2903.08, is against the manifest weight of the evidence as the State did not meet the burden of proving the identity of the driver that struck the victim. Further, Appellant contends the State failed to establish he operated a motor vehicle impaired, in violation of R.C. 4511.19; therefore, the aggravated vehicular assault conviction must fail.

{¶16} R.C. 2903.08 reads, in pertinent part,

{¶17} "(A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause serious physical harm to another person or another's unborn in any of the following ways:

{¶18} "(1)(a) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance;"

**{¶19}** R.C. 4511.19 reads, in pertinent part,

**{¶20}** "(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

**{¶21}** "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."

**{¶22}** Based upon our review of the record, and as set forth in the Statement of the Facts and Case, supra, we find Appellant's convictions are not against the manifest weight and sufficiency of the evidence.

**{¶23}** During his interview with Officer Brown, Appellant admitted to drinking all day and consuming "2-24 ounce cans of Colt 45 and a shorty of wine." He stated he was driving fast down East Tuscarawas, but did not remember hitting anyone. He had been home ten minutes before the officers arrived at his uncle's residence. Tr. at 234-237.

**{¶24}** Further, the responding officer observed Appellant passed out on the bed, fully clothed, with a strong odor of alcohol, glassy, bloodshot eyes, and slurred speech. The vehicle in question showed significant damage consistent with the injuries sustained by the victim herein. Accordingly, we find the State produced ample, credible evidence to support each conviction. There is no evidence the jury lost its way due to improper considerations.

{¶25} Appellant's convictions and sentence in the Stark County Court of Common Pleas are affirmed.

By: Hoffman, J.

Gwin, P.J. and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RAMONE K. DEGRAFFINREED | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2012CA00087 |

For the reasons stated in our accompanying Opinion, Appellant's convictions and sentence entered by the Stark County Court of Common Pleas are affirmed.  Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ W. Scott Gwin_____
HON. W. SCOTT GWIN

s/ John W. Wise_____
HON. JOHN W. WISE